COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Cathy Hershcopf
Jeffrey L. Cohen
Alex R. Velinsky

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                          :

In re                                            :

                                                         :   Chapter 11

METROPARK USA, INC.,              :

                                                          :   Case No. 11-22866 (RDD)

             Debtor.                   :

                                                          :
------------------------------------------------------------------ x

**NOTICE OF FILING PROPOSED ORDER APPROVING AUCTION RESULTS**
**AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on May 12, 2011 Metropark USA, Inc. (the "Debtor") filed its Motion of the Debtor for Order (A) Setting (i) Date to Conduct Auction of Debtor's Interests in Certain Real Property Leases and Intellectual Property, and (ii) Sale Hearing Date; (B) Approving Bidding Procedures and Terms of Auction; (C) Establishing Cure Amounts; (D) Authorizing Debtor to Enter Into Lease Termination Agreements; (E) Approving and Authorizing Sale of Leases and Intellectual Property to Highest or Otherwise Best Bidder Free and Clear of all Liens, Interests, Claims and Encumbrances Pursuant to § 363 of the Bankruptcy Code; (F) Waiving the Requirements of Federal Rule of Bankruptcy Procedure 6004 and Local Rule 6004-1 and (G) Granting Related Relief (the "Bidding Procedures Motion") (Doc. No. 88).

**PLEASE TAKE FURTHER NOTICE** that the Court entered an Order (A) Setting (1) Date to Conduct Auction of Debtor's Interests in Certain Real Property Leases and Intellectual Property, (2) Hearing Date for Approval of Auction and (3) Related Objection Deadlines; (B)

Approving Bidding Procedures and Terms of Auction; and (C) Granting Related Relief (the "Bidding Procedures Order") (Doc. No. 149). Copies of the Bidding Procedures Order can be viewed on the Court's website at www.ecf.nysb.uscourts.gov or on the Debtor's website maintained by Omni Management Group, LLC at www.omnimgt.com/metropark.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Bidding Procedures Order a hearing (the "Sale Hearing") for approval of the sale of Debtor's interests in certain real property leases will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in Room 118 of the Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on **May 31, 2011 at 2:30 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that on May 26, 2011 the Debtor filed its proposed Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 (I) Authorizing and Approving Designation Rights Agreement with the Cotton On Group (II) the Sale of Certain of the Debtor's Leases, (III) Assumption and Assignment Procedures (IV) Cure Amounts and (V) Granting Related Relief (the "Proposed Sale Order") attached hereto as Exhibit A. The Proposed Sale Order includes proposed assumption and assignment provisions applicable to leases subject to the Designation Rights Agreement between the Debtor and Cotton On. The Proposed Sale Order remains subject to revision and modification prior to the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that prior to the Sale Hearing the Debtor will file an amended Proposed Sale Order including copies of all exhibits referenced in the Proposed Sale Order.

Dated: May 26, 2011  
    New York, New York

By:    /s/ Cathy Hershcopf  
      Cathy Hershcopf

COOLEY LLP  
1114 Avenue of the Americas  
New York, New York 10036  
Telephone: (212) 479-6000  
Facsimile: (212) 479-6275  
Cathy Hershcopf  
Jeffrey L. Cohen  
Alex R. Velinsky

*Attorneys for Debtor and Debtor in Possession*

**EXHIBIT A**

**PROPOSED SALE ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
                                            :

IN RE                                    :          **CHAPTER 11**

**METROPARK USA, INC.,**[1]               :

                                            :          **CASE NO. 11-22866 (RDD)**

                **DEBTOR.**            :

                                              :

---------------------------------------------------------------- X

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 AUTHORIZING AND APPROVING (I) DESIGNATION RIGHTS AGREEMENT WITH THE COTTON ON GROUP (II) THE SALE OF CERTAIN OF THE DEBTOR'S LEASES, (III) ASSUMPTION AND ASSIGNMENT PROCEDURES (IV) CURE AMOUNTS AND (V) GRANTING RELATED RELIEF**

Upon consideration of the Motion[2] of the Debtor for Order (A) Setting the (1) Date to Conduct Auction of Debtor's Interests in Certain Real Property Leases and Intellectual Property, and (2) Date of the Sale Hearing (the "<u>Sale Hearing</u>"); (B) Approving Bidding Procedures and Terms of Auction; (C) Establishing Cure Amounts; (D) Authorizing Debtor to Enter Into Lease Termination Agreements, (E) Approving and Authorizing Sale of Leases and Intellectual Property to Highest or Otherwise Best Bidder Free and Clear of All Liens, Interests, Claims and Encumbrances Pursuant to Section 363 of the Bankruptcy Code; (F) Waiving the Requirements of Rule 6004 of the Federal Rules of Bankruptcy Procedure; and (G) Granting Related Relief (the "<u>Sale Motion</u>") (Doc. No. 88); and this Court having entered the Order (A) Setting (1) Date to Conduct Auction of Debtor's Interests in Certain Real Property Leases and Intellectual Property, (2) Hearing Date for Approval of Auction and (3) Related Objection Deadlines; (B) Approving Bidding Procedures and Terms of Auction; and (C) Granting Related

---
[1] The Debtor's tax identification number is 81-0636659.
[2] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion.

Relief (the "Bidding Procedures Order") (Doc. No. 149); and the Debtor having held an auction on May 26, 2011 (the "Auction") of the Leases and Intellectual Property; and The Cotton On Group ("Cotton On") having submitted a bid in the form of a sale agreement (the "Cotton On Agreement") for Designation Rights (as that term is defined in the Cotton On Agreement) in advance of the Auction; and Perry Ellis Menswear, LLC ("Perry Ellis" and together with Cotton On, the "Stalking Horse Bidders") having submitted a bid in advance of the Auction for the assumption and assignment of certain of the Debtor's Leases as set forth in the proposed Agreement of Assumption and Assignment between the Debtor and Perry Ellis (together with the Cotton On Agreement, the "Stalking Horse Agreements"); and the Stalking Horse Agreements having been approved pursuant to the Bidding Procedures Order; and the Debtor having selected Cotton On and Perry Ellis (the "Purchasers") as the highest or otherwise best bidders at the Auction; and upon the record herein; and any objection having been resolved, withdrawn or otherwise overruled by this Order; and after due deliberation thereon; and good and sufficient cause appearing therefore;

**NOW, THEREFORE, IT IS HEREBY FOUND AND DETERMINED THAT:**

**Jurisdiction, Final Order and Statutory Predicates**

A.  This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (0). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the

Federal Rules of Civil Procedure as made applicable by Rule 7054 of the Federal Rules of Bankruptcy Procedure, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

C. The statutory predicates for the relief sought in the Motion are sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006. The proposed sale constitutes a sale of property of the estate outside the ordinary course of business within the meaning of section 363(b) of the Bankruptcy Code.

D. The Sale Motion and notice of the Auction were served upon the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the prepetition secured lenders; (c) the Official Committee of Unsecured Creditors; (d) those parties that have expressed an interest in purchasing the Leases and/or Intellectual Property; (h) the counterparties to the Leases; and (i) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Notice of the Sale Motion, the Auction and this hearing was adequate and sufficient under the circumstances.

**Good Faith of Purchasers**

E. Purchasers are purchasing the Leases and/or Designation Rights in good faith, are good faith purchasers within the meaning of 11 U.S.C. § 363(m), are entitled to the protection of that provision, and otherwise have proceeded in good faith in all respects in connection with the Sale Agreements (defined below) in that: (a) the Stalking Horse Bidders recognized that the Debtor was free to deal with any other party interested in acquiring the Leases subject to the Stalking Horse Agreements; (b) all payments to be made by the

3

Purchasers and other agreements or arrangements entered into by the Purchasers in connection with the Stalking Horse Agreements have been disclosed; (c) the Purchasers have not violated 11 U.S.C. § 363(n) by any action or inaction; and (d) the negotiation and execution of the Stalking Horse Agreements and any other agreements or instruments related thereto were in good faith and each party thereto is represented by counsel.

F. The Sale Agreements were negotiated and proposed, and have been entered into by the parties in good faith within the meaning of Section 363(m) of the Bankruptcy Code, at arm's length bargaining positions, and without collusion.

**Highest or Otherwise Best Offers**

G. The Debtor's determination that the Sale Agreements constitute the highest or otherwise best offers for the Leases and/or Designation Rights constitutes a valid and sound exercise of the Debtor's business judgment.

H. The Sale Agreements represent fair and reasonable agreements for Purchasers to purchase the Leases and/or Designation Rights (as applicable) under the circumstances of this chapter 11 case.

I. Approval of the Sale Agreements and the consummation of the transactions contemplated thereby are in the best interests of the Debtor, its creditors, and its estate.

J. The Debtor has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for entering into the Sale Agreements prior to, and outside of, a plan of reorganization.

4

K.  The Debtor has full corporate power and authority to execute and deliver the Sale Agreements and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor to consummate the transactions contemplated by the Sale Agreements, except as otherwise set forth therein.

**Assumption, Assignment and Sale of Real Property Leases**

L.  Pursuant to Bankruptcy Code §§ 365(b)(1)(C) and 365(f)(2)(B), the Debtor and Perry Ellis have demonstrated adequate assurance of future performance by Perry Ellis under the Leases subject to the Assumption and Assignment Agreement by and between the Debtor and Perry Ellis Menswear, LLC, attached hereto as Exhibit A (the "Perry Ellis Assumption and Assignment Agreement").  Pursuant to Bankruptcy Code § 365(f) notwithstanding any provision to the contrary in the Leases, or in applicable nonbankruptcy law, that prohibits, restricts, or conditions the assignment of the Leases, the Debtor may assign to Perry Ellis the Leases subject to the Perry Ellis Assumption and Assignment Agreement, including, without limitation, the "use" clause in the Perry Ellis Assumption and Assignment Agreement.  No objections to adequate assurance of future performance by Perry Ellis were filed with respect to the Leases subject to the Perry Ellis Assumption and Assignment Agreement.

M.  Pursuant to Bankruptcy Code §§ 365(b)(1)(C) and 365(f)(2)(B), the Debtor and Cotton On have demonstrated adequate assurance of future performance by Cotton On under the Leases subject to the Assumption and Assignment Agreement by and between the Debtor and The Cotton On Group, attached hereto as Exhibit B (the "Cotton On Assumption and Assignment Agreement").  Pursuant to Bankruptcy Code § 365(f) notwithstanding any provision

to the contrary in the Leases, or in applicable nonbankruptcy law, that prohibits, restricts, or conditions the assignment of the Leases, the Debtor may assign to Cotton On the Leases subject to the Cotton On Assumption and Assignment Agreement, including, without limitation, the "use" clause in the Cotton On Assumption and Assignment Agreement. No objections to adequate assurance of future performance by Cotton On were filed with respect to the Leases subject to the Cotton On Assumption and Assignment Agreement.

**Section 363 Sale**

N. The conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full. Therefore, the Debtor may sell the Leases and Designation Rights free and clear of any interest therein.

O. Given all of the circumstances of the Debtor's chapter 11 case and the adequacy and fair value of the purchase price under the Stalking Horse Agreements, the proposed sale of the Leases and Designation Rights to the Purchasers constitutes a reasonable and fair exchange of consideration and reasonable and sound exercise of the Debtor's business judgment.

**Miscellaneous**

P. All findings of fact and conclusions of law announced by the Court at the Sale Hearing are hereby incorporated herein.

**NOW, THEREFORE, IT HEREBY IS ORDERED THAT:**

1. The Sale Motion is granted to the extent provided herein.

2. All objections to the relief granted herein, to the extent not resolved or withdrawn,

are overruled on the merits.

3. The Cure Amounts set forth on <u>Exhibit C</u> to this Order shall constitute the only amounts deemed owing under the corresponding Leases relating to the period prior to the assignment with respect to those Leases subject to the Perry Ellis Assumption and Assignment Agreement and the Cotton On Assumption and Assignment Agreement, provided that the Debtor shall pay all postpetition rent due and owing under the Leases arising and accruing from the Petition Date through the date of assignment or termination, absent waiver by the respective landlord, within five (5) business days of the entry of this Order.

4. The Perry Ellis Assumption and Assignment Agreement, including all of its terms and exhibits, and each of the transactions contemplated thereby, is approved. The Debtor is authorized and directed to execute, deliver, perform under, consummate and implement, the documents necessary to carry out the transactions contemplated hereby and under the Perry Ellis Assumption and Assignment Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Perry Ellis Assumption and Assignment Agreement.

5. The Cotton On Assumption and Assignment Agreement, including all of its terms and exhibits, and each of the transactions contemplated thereby, is approved. The Debtor is authorized and directed to execute, deliver, perform under, consummate and implement, the documents necessary to carry out the transactions contemplated hereby and under the Cotton On Assumption and Assignment Agreement, together with all additional instruments and

documents that may be reasonably necessary or desirable to implement the Cotton On Assumption and Assignment Agreement.

6. The Designation Rights Agreement by and between the Debtor and Cotton On, attached hereto as <u>Exhibit D</u> (the "<u>Designation Rights Agreement</u>", collectively with the Perry Ellis Assumption and Assignment Agreement and the Cotton On Assumption and Assignment Agreement, the "<u>Sale Agreements</u>"), including all of its terms and exhibits, and each of the transactions contemplated thereby, is approved. The Debtor is authorized and directed to take any and all actions as may be necessary to consummate the Designation Rights Agreement. Pursuant to paragraph 9 below, upon receipt of a Lease Assumption Notice (defined below), Debtor is further authorized to use its best efforts to obtain the entry of an order of the Court approving the assumption of the Lease(s) identified in such Lease Assumption Notice(s) and the assignment of such lease(s) to Cotton On or Cotton On's specified Designee (as defined below) (or to the lessor, in the case of a termination).

7. The Auction with respect to the Debtor's Intellectual Property is hereby adjourned until June 29, 2011 or such later time determined by the Debtor and noticed on the docket of this case.

8. Pursuant to section 363 of the Bankruptcy Code, the Debtor is authorized to sell the Leases and Designation Rights to the Purchasers free and clear of any liens, claims, encumbrances, security interests, pledges or other interests (collectively, "<u>Interests</u>") with such Interests to attach to the proceeds to be received by the Debtor in the same priority and subject to the same defenses and avoidability, if any, as before the closing of the transactions

8

1725065 v3/NY

contemplated under the Sale Agreements. Pursuant to Section 363(f) of the Bankruptcy Code and the Sale Agreements, including any amendments thereto, the transfer of title to the Leases or Designation Rights, as applicable, to the Purchasers shall be free and clear of any Interest in or against the Leases, the Designation Rights, and the Intellectual Property. Upon the assignment to Perry Ellis or Cotton On (or its specified Designee), as applicable (collectively, the "<u>Assignees</u>"), the Leases shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order and, pursuant to Bankruptcy Code § 365(k), the Debtor and its estate shall be relieved from any further liability thereunder, including for any breach of Leases as of the effective date of such assignment. The Assignees are not the successor of the Debtor for any purpose. The Assignees do not assume and shall not become liable for any liabilities of the Debtor.

9. In connection with the Designation Rights Agreement, Cotton On may designate for assumption and assignment any Lease that is subject to, and as set forth in, the Designation Rights Agreement (each such Lease, a "<u>Designated Lease</u>"), in accordance with the following procedures, <u>provided</u> that Cotton on may not designate any Lease that has been rejected by the Debtor:

  (a) Cotton On shall deliver to the Debtor and file with the Court, and simultaneously serve a copy on each counterparty to a Designated Lease (each, a "<u>Landlord</u>") and its counsel of record, if known, by both (x) overnight mail and (y) either email or facsimile, a notice in the form of <u>Exhibit E</u> to this Order (the "<u>Lease Assumption Notice</u>"), which shall include, among other things, (i) the exact name of the proposed assignee (each, a "<u>Designee</u>")[3], (ii) a summary of all amounts required to be paid in order to effect the assumption and assignment of such Designated Lease pursuant to section 365(b) of the Bankruptcy Code (the "<u>Cure Amount</u>"),

---

[3] As set forth in the Designation Rights Agreement, Cotton On may designate itself or any affiliate as assignee with respect to any Designated Lease.

9

(iii) the proposed use of the premises subject to such Designated Lease, and (iv) the proposed form of Lease Sale Order (as defined below). Cotton On shall also deliver to Landlords, together with each Lease Assumption Notice, evidence of such Designee's ability to provide adequate assurance of future performance with respect to such Designated Lease.

(b) The Landlord to any Designated Lease may file an objection to the assignment of such Designated Lease within five (5) business days of receipt of the Lease Assumption Notice. If no objection is timely received, (i) the Landlord to such Designated Lease shall be deemed to have consented to the entry of a Lease Sale Order with respect to such Designated Lease and shall be forever barred from asserting any objection with regard to the assumption and assignment of such Designated Lease, and (ii) the Cure Amount set forth in the Lease Assumption Notice shall be controlling, notwithstanding anything to the contrary in any Designated Lease, or any other document, and such Landlord shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other cure claims related to such Designated Lease against the Debtor, Cotton On, or such Designee, or the property of any of them.

(c) An objection to the assumption and assignment of any Designated Lease that was timely filed pursuant to subparagraph (b) above will be addressed at a hearing to be held on the earliest practicable date (each, a "Lease Sale Hearing"). Any Landlord that filed a prior objection with respect to such Designated Lease shall not need to file a further objection to raise such objection at any Lease Sale Hearing. If an objection is raised by a Landlord solely to the Cure Amount, and such dispute cannot be consensually resolved prior to the Lease Sale Hearing, the Debtor may nevertheless seek the assumption and assignment of the applicable Designated Lease; provided that the entire disputed Cure Amount must be immediately paid by the Designee to the Debtor, and the Debtor shall hold and segregate the applicable disputed Cure Amount pending the resolution of such dispute by the Court or by agreement by the parties, for payment to the Landlord or repayment to the Designee.

(d) The Designated Leases shall be transferred, pursuant to an order of assumption and assignment substantially in the form of Exhibit F to this Order (a "Lease Sale Order"), to the applicable Designee, free and clear of all claims, liens, encumbrances or interests of any kind or nature whatsoever, and shall remain in full force and effect for the benefit of such Designee in accordance with their respective terms, notwithstanding any provision in any such Designated Lease (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions the assignment or transfer of such Designated Lease (each, an "Anti-Assignment Provision"); provided that either Cotton On or the applicable Designee shall be liable for accrued but unbilled items with respect to 2010 and 2011 under assumed non-residential real property leases (including, but not limited to, unbilled taxes and year-end adjustments to common area maintenance charges, insurance, and real estate taxes) with respect to each Designated Lease,

10

and shall be liable for the payment of such charges when same become due in accordance with the terms of such Designated Lease (with all rights reserved to Cotton On or such Designee to challenge said charges as may be set forth in such Designated Lease).

(e) Pursuant to Bankruptcy Code section 365(k), the Debtor shall be relieved from any further liability with respect to each Designated Lease after the effective date of the assumption and assignment of such Designated Lease to any Designee. The Debtor is authorized to execute and deliver to the applicable Designee such documents or other instruments as may be necessary to assign and transfer the Designated Leases to such Designee at each Lease Closing (as defined in the Designation Rights Agreement).

(f) With respect to each Designated Lease, upon the Lease Closing and the payment of the relevant Cure Amount (and contingent upon Cotton On's or the applicable Designee's obligations to pay the unbilled charges set forth in Paragraph 7(d) above), such Designee shall be deemed to be substituted for the Debtor as a party to such Designated Lease. There shall be no rent accelerations, assignment fees, increases or any other fees charged to any Designee as a result of the assumption and assignment of the Designated Leases. Each Lease Sale Order shall provide that the assignment of each of the Designated Leases is made in good faith under sections 363(b) and 363(m) of the Bankruptcy Code. With respect to each Designated Lease, the applicable Designee shall execute, in a form reasonably acceptable to the applicable Landlord, an assumption and assignment agreement that shall identify the tenant under the Designated Lease, as well as provide the contact address for the tenant for billing and notice purposes.

10. Each and every Anti-Assignment Provision in any Designated Lease is null, void and of no force and effect in connection with the transfer of the Designation Rights to Cotton On pursuant to the Designation Rights Agreement.

11. This Order and the Sale Agreements shall inure to the benefit of and be binding on the Debtor, its estate, its creditors, the non-Debtor counterparties to the Sale Agreements and their respective successors and assigns, any trustees, if any, subsequently appointed in the Debtor's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtor's case.

12. No bulk sales law or any similar law of any state or other jurisdiction shall apply

11

in any way to the Sale Agreements or any of the transactions contemplated thereby.

13. The failure specifically to include any particular provision of the Sale Agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreements be authorized and approved in their entirety.

14. The Debtor is hereby authorized to take all such actions and execute any agreements that shall be necessary to consummate and give effect to the Sale Agreements without further order of the Court.

15. The Sale Agreements and any related agreements, documents, or other instruments may be amended by the parties in a writing signed by such parties without further order of the Court, provided that: (i) any such amendment does not have a material adverse effect on the Debtor or Debtor's estate, (ii) any such amendment does not result in a reduction of the Purchase Price, and (iii) notice of such amendment shall be provided to the Committee and the Debtor's prepetition lenders.

16. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Sale Agreements, all modifications thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Purchasers, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the transactions contemplated herein.

17. To the extent that any provisions of this Order shall be inconsistent with the provisions in the Sale Agreements, any prior order, or any pleading with respect to the motions

in this case, the terms of this Order shall control.

19. Pursuant to Rules 7062, 9014, 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure, this Order shall be effective immediately upon entry and the Debtor is authorized to close the transactions contemplated by the Sale Agreements immediately upon entry of this Order.

19. The Court shall retain jurisdiction over disputes pertaining to this Order or the Sale Agreements.

Dated: _____, 2011

                                                  _____
                                                  Honorable Robert D. Drain
                                                  United States Bankruptcy Judge