**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>METROPARK USA, INC.<br><br>            Debtor. | Case No. 11 – 22866 (RDD)<br><br>Chapter 11<br><br>**THIRD INTERIM AGREED ORDER AUTHORIZING LIMITED USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION** |

**CAME ON FOR CONSIDERATION** the *Motion of the Debtor For (I) Use of Cash Collateral; (II) Granting Adequate Protection; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief* (the "Cash Collateral Motion") filed by Metropark USA, Inc., the debtor and debtor-in-possession ("Metropark" or the "Debtor"), pursuant to §§ 105, 361, 362(a) and 363(c), of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 4001 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 4001-2 of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), seeking authority for the Debtor to use Cash Collateral of Wells Fargo Bank, National Association (as successor by merger to Wells Fargo Retail Finance, LLC), as administrative agent and collateral agent (in such capacities, together with any successors in such capacities, the "Prepetition Agent"), and the other Credit Parties referred to in the Prepetition Senior Credit Agreement

1

(together with the Prepetition Agent, collectively, the "Prepetition Senior Secured Parties")[1];

The Debtor, the Prepetition Agent, and the Committee have represented to the Court that they have agreed in good faith to the terms and conditions of this Third Interim Agreed Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection (the "Third Interim Cash Collateral Order"). The Court finds notice of the hearing on the interim and final relief granted herein to have been sufficient and appropriate as required under the Bankruptcy Rules and under the particular circumstances of this Case (as defined below).

## PROCEDURAL HISTORY

After a hearing on May 4, 2011 (the "Interim Hearing"), and based upon the Affidavit of Cynthia Harriss Pursuant to Local Bankruptcy Rule 1007-2, the evidentiary record adduced at the Hearing, and the representations of counsel for the Debtor and for the Prepetition Agent, this Court entered an Agreed Interim Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection (the "First Interim Cash Collateral Order").

After a hearing on May 23, 2011 (the "Second Interim Hearing"), and based upon the Affidavit of Cynthia Harriss Pursuant to Local Bankruptcy Rule 1007-2, the evidentiary record adduced at the Second Interim Hearing, and the representations of counsel for the Debtor and for the Prepetition Agent, this Court entered a Second

---

[1] Capitalized terms not otherwise defined in this Third Interim Cash Collateral Order shall have the meanings as defined in the Second Interim Cash Collateral Order.

Interim Agreed Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection (the "Second Interim Cash Collateral Order").

The Debtor, the Prepetition Agent and the Committee have stipulated and agreed as follows, and the Court, on an interim basis subject to entry of a final order (the "Final Cash Collateral Order"), hereby approves and adopts said stipulations and agreements, grants the relief requested herein to prevent immediate and irreparable harm to the Debtor's estate, and to facilitate the reorganization or sale of the Debtor's business, and accordingly Orders:

## STATEMENT OF JURISDICTION

1. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## NOTICE

3. Notice of the hearing on the Cash Collateral Motion has been given to the United States Trustee, counsel to the Committee, the thirty (30) largest creditors and others in interest pursuant to Bankruptcy Rules 2002, 4001(c) and 9006, and as required by Bankruptcy Code §§ 102, 361, 362 and 363. Other than the notice provided for herein, no further notice of, or hearing on, the relief sought in the Cash Collateral Motion is necessary or required.

## INCORPORATION OF SECOND INTERIM CASH COLLATERAL ORDER

4. The terms and conditions of the Second Interim Cash Collateral Order are hereby incorporated by reference into this Third Interim Cash Collateral Order as if fully set forth herein. Except as expressly set forth in this Third Interim Cash Collateral

1732056 v3/NY

Order, the terms and conditions of the Second Interim Cash Collateral Order shall continue in effect under this Third Interim Cash Collateral Order.

**Authorization For Limited Use Of Cash Collateral**

5. The Debtor is hereby authorized, on a limited basis, to use Cash Collateral through July 31, 2011, only in strict compliance with the terms and conditions provided in the Second Interim Cash Collateral Order as extended by this Third Interim Cash Collateral Order.

**Budgeted Cash Collateral Usage**

6. The Debtor may request the transfer of, and use Cash Collateral to pay actual, ordinary, and necessary expenses set forth in, and in strict compliance with, the revised and extended Budget attached hereto as <u>Exhibit A</u>, or as such Budget may be modified in writing with the prior written consent of the Prepetition Agent (and no such consent shall be inferred from any action, inaction, or acquiescence of any Prepetition Secured Party) and upon reasonable consultation with the Prepetition Subordinated Secured Parties, and on notice to the Committee, with a copy of any such modified Budget to be filed promptly with this Court.

**<u>FINAL HEARING</u>**

8. A final hearing (the "<u>Final Hearing</u>") to consider entry of a Final Cash Collateral Order on the Cash Collateral Motion is scheduled for July 11, 2011 at 10:00 a.m. at the United States Bankruptcy Court for the Southern District of New York, White Plains Division.

9. On or before June 27, 2011, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Third Interim Cash Collateral Order

and of the Final Hearing (the "<u>Final Hearing Notice</u>"), together with copies of this Third Interim Cash Collateral Order and the Cash Collateral Motion, on: (a) all parties previously given notice of the Cash Collateral Motion, including all parties notified of the entry of the Second Interim Cash Collateral Order; (b) any party which has filed prior to such date a request for notices with this Court; and (c) counsel for the Committee. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Cash Collateral Order shall file written objections with the Clerk of the Bankruptcy Court no later than 4:00 p.m. (ET) on July 6, 2011 which objections shall be served so that the same are received on or before such date by: (a) counsel for the Debtor: Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Cathy Hershcopf, Esq. and Jeffrey L. Cohen, Esq., Fax: (212) 479-6275; (b) counsel to the Prepetition Agent: Riemer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108, Attn: Donald E. Rothman, Esq., Fax: (617) 880-3456, E-mail: drothman@riemerlaw.com; (c) counsel to the Second Lien Agent: Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Ste. 1200 San Diego, CA 92101, Attn: Michael D. Breslauer, Esq.; (d) counsel to the Committee; (e) those parties requesting notice pursuant to Bankruptcy Rule 2002; and (f) the U.S. Trustee.

**EXPIRATION DATE/MATURITY**

10. The Prepetition Senior Secured Parties' consent and the Debtor's authority to use Cash Collateral under this Third Interim Cash Collateral Order shall be effective retroactively from the Petition Date to and including the earlier of: (a) the occurrence of an Event of Default; or (b) July 31, 2011, at 5:00 p.m. prevailing eastern time (the "<u>Expiration Date</u>"), at which time all of the Debtor's authority to use Cash

1732056 v3/NY

Collateral under this Third Interim Cash Collateral Order shall terminate, unless a Final Cash Collateral Order shall have been entered by that date and time.

**IT IS HEREBY ORDERED THAT THE CASH COLLATERAL MOTION IS APPROVED AND GRANTED ON AN INTERIM BASIS AS SET FORTH HEREIN.**

DATED: June 27, 2011

    /s/Robert D. Drain
HON. ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT "A"**

**BUDGET**

1732056 v3/NY